IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER,<br><br>       Plaintiff,<br><br>v.<br><br>WEINSTEIN & RILEY, P.S.,<br><br>       Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiff Nationstar Mortgage LLC d/b/a Mr. Cooper (**Nationstar**) files this Complaint and respectfully alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Nationstar is a mortgage loan servicer organized under the laws of Delaware, with its principal place of business in Texas.

2. Nationstar is an indirect, wholly owned subsidiary of a publicly traded company, Mr. Cooper Group Inc. (**Mr. Cooper**), a Delaware corporation. Nationstar is directly owned by two member entities: (1) Nationstar Sub1 LLC (**Sub1**) (99%) and (2) Nationstar Sub2 LLC (**Sub2**) (1%). Both Sub1 and Sub2 are Delaware limited liability companies. Sub1 and Sub2 are both 100% owned by Nationstar Mortgage Holdings Inc. (**NSM Holdings**). NSM Holdings is incorporated in Delaware and has its principal place of business in Texas.

3. Defendant Weinstein & Riley, P.S. (**Weinstein & Riley**) is a law firm and professional services corporation organized under the laws of Washington with its principal place of business in Washington. Weinstein & Riley may be served by serving its registered agent,

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701, or wherever it may be found.

4. The amount in controversy exceeds $75,000. Nationstar seeks damages incurred as proximate result of Weinstein & Riley's acts and omissions in the Underlying Litigation in addition to its attorney's fees incurred in defending the Underlying Litigation and pursuing indemnification here.

5. This Court has personal jurisdiction over Weinstein & Riley because Nationstar and Weinstein & Riley contractually agreed that the United States District Court for the Northern District of Texas has jurisdiction and venue over this matter.

6. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because the amount in controversy exceeds $75,000, exclusive of costs and interest, and complete diversity of citizenship exists between Nationstar and Weinstein & Riley. In addition, Weinstein & Riley consented to this Court's personal jurisdiction in the Firm Retention Agreement.

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because Nationstar's principal place of business is located in this district and Weinstein & Riley consented to the exclusive jurisdiction and venue of this Court in the Firm Retention Agreement.

## FACTS

**A.     The Underlying Mortgage Loan.**

8. This action involves a $275,489.00 mortgage loan obtained by Daniel H. Goree (**Mr. Goree**) and Michelle J. Goree n/k/a Michelle Baker (**Ms. Baker**) in April 2009 from New American Funding.

9. Ms. Baker and Mr. Goree took out the loan to purchase or refinance property located at 4301 NE 59th Avenue, Vancouver, Washington 98661.

10. Ms. Baker and Mr. Goree executed a promissory note evidencing the loan, which included a 2039 loan maturity date.

11. Ms. Baker and Mr. Goree secured the loan with a deed of trust recorded against the property on May 1, 2009.

12. Mortgage Electronic Registration Systems, Inc. (**MERS**) was the original beneficiary of the deed of trust, as nominee for the lender and the lender's successors and assigns.

13. MERS assigned its rights and interest in the deed of trust to Bank of America, N.A. pursuant to an assignment of deed of trust dated January 8, 2013 and recorded January 9, 2013.

14. Bank of America, N.A. assigned its rights and interest in the deed of trust to Nationstar via an assignment of deed of trust dated June 20, 2013, and recorded July 5, 2013.

15. Nationstar has physical possession of the note, indorsed in blank, and is also beneficiary of the deed of trust.

16. In or around April 2012, Ms. Baker and Mr. Goree defaulted on their loan repayment obligations.

**B.     The Firm Retention Agreement.**

17. On December 11, 2018, Weinstein & Riley executed Nationstar's Firm Retention Agreement in the Underlying Litigation.

18. Weinstein & Riley made certain promises and representations to Nationstar in the Firm Retention Agreement. Specifically, Weinstein & Riley agreed to the following professional standards in the Firm Retention Agreement:

> **2.     Compliance with Professional Standards**. [Weinstein & Riley] shall at all times perform its duties under the Agreement in accordance with: (i) all federal, state and local laws, rules, regulations, and orders of general application as well as those specific to the practice of law in each forum in which the legal services are performed; (ii) all rules and regulations governing the conduct, decorum, and professionalism of lawyers and law firms specific to each court or tribunal before

which [Weinstein & Riley] shall appear in providing legal services; and (iii) all standards of ethics and professional conduct generally accepted in the legal profession . . . . [Weinstein & Riley] shall fully and entirely verify all statements of fact made by [Weinstein & Riley] for accuracy, including, without limitation, allegations related to the basis for relief sought from a court, on a timely basis. [Weinstein & Riley] shall maintain expertise in the area or areas of law for which it is retained, and shall exercise due diligence and reasonable care in performing such services. . . .

19. In Paragraph 2 of the Firm Retention Agreement, Weinstein & Riley also agreed "not to take any actions that may negatively affect the quality of legal representation, including, without limitation, the quality, accuracy, completeness or professionalism of any filing"; to "adhere to all laws, regulations, and court orders to which it is subject [;] and . . . perform its legal services in accordance with all applicable federal, state and local laws."

20. The Firm Standards and Practice Policy attached to and incorporated in the Firm Retention Agreement required that Weinstein & Riley's performance standards meet or exceed investor guidelines and Nationstar requirements.

21. Weinstein & Riley further promised to defend and indemnify Nationstar if Weinstein & Riley breached its duties or negligently performed is legal services:

> **3.     Indemnification**. [Weinstein & Riley] agrees to indemnify, protect, defend and hold harmless [Nationstar], its affiliates, subsidiaries, and all of their directors, officers, employees and agents (the "Indemnitees") from any liability claims, losses, penalties, fines, forfeitures, legal fees and related costs, judgments, and any other costs, fees and expenses (including without limitation, any reasonable legal fees, judgments or expenses relating to such liability, claim, loss or damage) directly or indirectly relating to or arising out of: (i) a breach of any representation or warranty in this Agreement, or (ii) the alleged or actual negligent or wrongful actions or omissions of [Weinstein & Riley], [Weinstein & Riley]'s principals, attorneys, employees, agents, vendors, or persons acting on behalf of or at the direction of [Weinstein & Riley] as it relates to the services provided under this Agreement and/or the handling of Loans. [Weinstein & Riley] shall immediately notify [Nationstar] if a claim is made by a third party with respect to this Agreement or the Loans, and [Weinstein & Riley] shall defend any such claims with counsel chosen by [Weinstein & Riley] and approved by [Nationstar]. [Weinstein & Riley] shall promptly pay, discharge and satisfy any judgment or decree which may be

entered against [Weinstein & Riley] or [Nationstar] in respect of such claim. This provision shall survive termination of this Agreement.

22. In Section 1.8 of the incorporated Firm Standards and Practice Policy, Weinstein & Riley also agreed it could be assessed any attorney's fees or consequential damages directly or indirectly attributable to improperly performing its legal services for Nationstar.

23. Nationstar and Weinstein & Riley agreed that the United States District Court for the Northern District of Texas would have jurisdiction over any matter relating to the Agreement or the performance of the parties' obligations under the Agreement.

24. Weinstein & Riley further consented to personal jurisdiction before the United States District Court for the Northern District of Texas in the Firm Retention Agreement.

**C.     Underlying Litigation Against Nationstar.**

25. On or about December 5, 2019, Ms. Baker filed a civil complaint against Nationstar in the Superior Court of the State of Washington, Clark County (**Underlying Litigation**), in which she alleges that Washington's six-year statute of limitations for collecting upon the debt—RCW 4.16.040—ran in November 2019.

26. Ms. Baker further alleged in her complaint that, based on the expiration of the statute of limitations, Nationstar was no longer entitled to collect on the debt in any manner, including foreclose on the property under the deed of trust.

27. However, Ms. Baker solely asserted the following allegations in an attempt to establish the statute of limitations had expired: (1) she had been in default and made no further payments on the loan since March 2012; and (2) Nationstar accelerated the loan repayment schedule on or before November 22, 2013.

28. On or about December 17, 2019, Ms. Baker served Nationstar with her complaint.

**D.      Nationstar's Referral to Weinstein & Riley and Counsel's Failure to Defend.**

29. On December 26, 2019, Nationstar retained Weinstein & Riley in its defense of the complaint filed in the Underlying Litigation by Ms. Baker.

30. On December 26, 2019, Weinstein & Riley confirmed its receipt of the referral.

31. However, Weinstein & Riley failed to timely enter an appearance, file an answer, or otherwise defend Nationstar in the Underlying Litigation.  A true and correct copy of the Court's docket from the Underlying Litigation is attached hereto as Exhibit A.

32. On February 20, 2020, Ms. Baker filed a motion for default against Nationstar. *Id.*

33. Weinstein & Riley did not oppose or otherwise respond to the motion for default. *Id.*

34. On February 28, 2020, the Washington Superior Court entered an order for default against Nationstar. *Id.*

35. On March 6, 2020, Ms. Baker then filed a motion for entry of findings of fact and conclusions of law and order appointing agent and sought an order that Washington's statute of limitations for collecting on her loan ran, the deed of trust was of no effect, and the deed of trust must be conveyed.  *Id.*

36. However, Ms. Baker did not support her motion for entry of findings of fact and conclusions of law with evidence that Nationstar or any other prior lender or servicer accelerated her loan and thereby triggered the Washington's statute of limitations for collecting the entire outstanding debt.

37. Notwithstanding the lack of evidence, Weinstein & Riley did not oppose or otherwise respond to the motion for entry of findings of fact and conclusions of law.  *Id.*

38. On March 13, 2020, the Washington Superior Court granted Ms. Baker's motion and entered its findings of fact and conclusions of law (**Findings of Fact and Conclusions of Law,** attached hereto as Exhibit B**).**

39. In the Findings of Fact and Conclusions of Law, the Washington Superior Court ordered that Washington's statute of limitations—RCW 4.16.040—ran on the promissory note evidencing Ms. Baker's loan, the deed of trust was no longer of any effect, and the deed of trust be conveyed. *Id.*

40. On April 15, 2020, the deed of trust securing Ms. Baker's loan was re-conveyed and removed from the property, pursuant to the Washington Superior Court's order.

**D.    Weinstein & Riley's Inadequate Attempts to Vacate the Judgment.**

41. Weinstein & Riley failed to keep Nationstar apprised of the status of the Underlying Litigation.

42. On April 13, 2020, Nationstar requested an update on the Underlying Litigation from Weinstein & Riley, but received no response.

43. On April 21, 2020, Nationstar again requested an update on the Underlying Litigation from Weinstein & Riley, specifically stating that "[y]ou confirmed ingestion in December 2019.  What has transpired since then?"

44. On April 21, 2020, Weinstein & Riley finally responded to Nationstar's request, stating "there was an internal issue that meant we did not timely get a notice of appearance entered in this matter.  This file was being tracked as an active foreclosure matter for our firm, but it did not get properly flagged for litigation when the complaint came in on 12/26."

45. In its April 21, 2020 Response to Nationstar, Weinstein & Riley admitted the Washington Superior Court entered a default judgment against Nationstar "[b]ecause of the

mistake on [its] side," and also stated that it believed it would get the Washington Superior Court's orders vacated, at least in part, because Ms. Baker's argument "under the WA statute of limitations is inconsistent with other appellate court holdings." Weinstein & Riley further stated "this alone is a substantial basis to set aside the orders" in its response.

46. However, Weinstein & Riley still did not enter an appearance in the Underlying Litigation or move to set aside the default in any manner until January 25, 2021—more than 9 months following its April 21, 2020 Response to Nationstar—when it filed a motion for order to show cause requesting the Washington Superior Court set aside the default, default judgment, and findings of fact and conclusions of law (**Motion for Order to Show Cause**).

47. In the Motion for Order to Show Cause, Weinstein & Riley admitted:

> Prior counsel on this matter at Weinstein & Riley, PS, overlooked the referral and mistakenly allowed default to be entered. Nationstar should not be penalized for this. The judgment should be set aside so that the matter can be decided on the merits.

48. However, Weinstein & Riley did not explain why, under Washington law, its neglect was excusable such that it would warrant setting aside the default, default judgment, and findings of fact and conclusions of law.

49. Instead, Weinstein & Riley focused its arguments in the Motion for Order to Show Cause on why Ms. Baker's loss mitigation activity tolled Washington's statute of limitations, but failed to include any legal support for its arguments. Weinstein & Riley also did not argue that Ms. Baker failed to sufficiently allege or prove Nationstar accelerated the debt—the only way the final statute of limitations period on the unmatured debt could have been triggered in Washington.

50. On March 5, 2021, the Washington Superior Court heard oral argument on Weinstein & Riley's motion for order to show cause. Ex. A.

51.     The Washington Superior Court explained during oral argument that, under Washington law, an attorney overlooking a referral and mistakenly allowing the court to enter default against his client does not constitute a mistake or excusable neglect sufficient to set aside a judgment.  Attached hereto as <u>Exhibit C</u> are excerpts from the March 5, 2021 transcript.

52.     The Washington Superior Court ruled on the record that, based on Weinstein & Riley's failure to prove excusable neglect and its 11-month delay in seeking relief, it would not set aside the default, default judgment, and findings of fact and conclusions of law.  *Id.*

53.     The Washington Superior Court also ruled that Weinstein & Riley's statute of limitations tolling argument did not provide a basis to set aside the default, default judgment, and findings of fact and conclusions of law because Weinstein & Riley did not cite to any authority for its argument in the motion for rule to show cause.  *Id.*

54.     On April 30, 2021, the Washington Superior Court entered its formal order denying Weinstein & Riley's motion for order to show cause (**Final Order**).

E.     **Nationstar's Subsequent Attempts to Fix Weinstein & Riley's Errors.**

55.     On or around June 1, 2021, Nationstar hired the law firm of Akerman LLP to determine if any basis existed to reverse the damage done by Weinstein & Riley's actions and failure to act.

56.     On June 1, 2021, Akerman LLP filed a notice of appeal of the Washington Superior Court's order denying Weinstein & Riley's motion for order to show cause to preserve Nationstar's rights to appeal pending Akerman's investigation. Ex. A.

57.     However, Akerman LLP determined that Weinstein & Riley failed to preserve the necessary arguments regarding Weinstein & Riley's excusable neglect, Ms. Baker's failure to

Case 3:22-cv-02922-N   Document 1   Filed 12/29/22   Page 10 of 16   PageID 10

allege or prove Nationstar accelerated the debt sufficient to trigger the final statute of limitations period, and the case law supporting statute of limitations tolling to support review on appeal.

58. On October 29, 2021, Nationstar withdrew its notice of appeal as a result.

**F.     Nationstar's Damages.**

59. Under the Washington Superior Court's findings of fact and conclusions of law, Nationstar is barred from collecting on Ms. Baker and Mr. Goree's loan in any manner and the deed was also re-conveyed.

60. Ms. Baker and Mr. Goree's loan had an outstanding balance of $452,722.25 at the time the Washington Superior Court entered its default findings of fact and conclusions of law.

61. The Washington Superior Court's findings of fact and conclusions of law are final and binding against Nationstar.

62. Had Weinstein & Riley timely and adequately defended Nationstar in Ms. Baker's civil action, Nationstar would have prevailed on the merits and would not have lost its right to recover the debt.

63. In an email dated April 21, 2020, Weinstein & Riley acknowledged, and even recommended, that Nationstar move to vacate the Washington Superior Court's findings of fact and conclusions of law on the basis that Washington's statute of limitations tolled during Ms. Baker's loss mitigation activity.

64. Moreover, settled Washington law confirms that Ms. Baker's statute of limitations claims lacked merit because Ms. Baker did not and could not show the debt was accelerated.

65. Specifically, actions to collect debts secured by deeds of trust are governed by Washington's 6-year statute of limitations under RCW 4.16.040, which provides that the creditor must bring an action to collect the debt within 6 years after the cause of action accrues.

66. Under Washington law, the six year period begins to run when: (1) the note fully matures or (2) the lender accelerates the note. To accelerate the note under Washington law, the lender must perform an affirmative act that clearly and unequivocally notifies the borrower it accelerated the debt.

67. Neither Nationstar, nor any other lender or loan servicer, accelerated Ms. Baker and Mr. Goree's un-matured loan.

68. Ms. Baker's complaint in the Underlying Litigation was premised on an unsupported legal conclusion that Nationstar accelerated the debt before November 2013 and she defaulted on loan payments in 2012.

69. Weinstein & Riley's acts and omissions deprived Nationstar of the opportunity and benefit of defending Ms. Baker's claims on the merits, and proximately caused Nationstar's injuries, including the loss of its ability to collect on Ms. Baker and Mr. Goree's valid debt.

70. Weinstein & Riley's acts and omissions were willful, wanton, or in reckless disregard of Nationstar's rights.

71. As the proximate result of Weinstein & Riley's acts and omissions, Nationstar has suffered damages in excess of $75,000.00.

**H.    Nationstar's Pre-Suit Demand to Weinstein & Riley.**

72. On August 10, 2022, Nationstar, through counsel, sent Weinstein & Riley a demand for reimbursement and indemnification for all losses it sustained as a result of Weinstein & Riley's failure to timely and adequately defend Nationstar in the Underlying Litigation (**August 10, 2022 Demand Letter**).

73. Despite receiving the August 10, 2022 Demand Letter on August 11, 2022, Weinstein & Riley did not respond to Nationstar's demand letter until October 13, 2022 (**October 13, 2022 Response**), in which it responded that there was no merit to Nationstar's demand.

74. Weinstein & Riley further stated that it "communicated to [Nationstar] that it should not pursue the case because of the problems in the case . . . ."

75. The October 13, 2022 Response is directly refuted by its April 21, 2020 Response in which Weinstein & Riley admits it failed to properly track the matter, failed to appear and defend Nationstar, and allowed the default orders and judgment to be entered against Nationstar. Weinstein & Riley's October 13, 2022 Response is also directly refuted by its recommendation to Nationstar in its April 21, 2020 Response that it move to vacate the default orders and judgment.

76. However to date, Weinstein & Riley still refuses to indemnify or reimburse Nationstar for the losses it sustained as a result of Weinstein & Riley's failure to timely and adequately defend Nationstar in the Underlying Litigation.

## COUNT I
## LEGAL MALPRACTICE

77. Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference

78. To prevail on a legal malpractice claim in Texas, Nationstar must establish that (1) Weinstein & Riley owed a duty of care to it; (2) that duty was breached; and (3) the breach proximately caused damage to Nationstar.

79. Moreover, when a legal malpractice claim is premised on a prior litigation, Texas law requires proof that but for the breach of duty, Nationstar would have prevailed on the underlying cause of action and would have been entitled to judgment.

80. At all relevant times, an attorney-client relationship existed between Weinstein & Riley and Weinstein & Riley owed a duty of care to Nationstar as Nationstar's retained counsel in the Underlying Litigation.

81. Weinstein & Riley had a duty to act with that degree of skill, care, and diligence ordinarily possessed and exercised by attorneys in Washington and ordinarily possessed and exercised by attorneys who specialize in the representation of mortgage loan lenders and servicers.

82. Weinstein & Riley had a duty to timely appear and adequately defend Nationstar in the Underlying Litigation as Nationstar's retained counsel.

83. On at least six occasions, Weinstein & Riley breached its duties to Nationstar in the Underlying Litigation by: (a) failing to appear in Ms. Baker's civil litigation; (b) allowing default to enter against Nationstar; (c) allowing the court's default order, default judgment, and findings of fact and conclusions of law to enter against Nationstar; (d) failing to timely move to vacate the default order, default judgment, and findings of fact and conclusions of law that entered against Nationstar; (e) failing to adequately detail the excusable neglect that allowed the default judgment and findings of fact and conclusions of law to enter in its motion for rule to show cause; and (f) failing to adequately preserve Nationstar's merits-based statute of limitations defenses in its motion for rule to show cause.

84. Weinstein & Riley's acts and omissions in the Underlying Litigation proximately caused the loss of Nationstar's ability to collect on Ms. Baker and Mr. Goree's loan in any manner and the re-conveyance of the deed of trust securing Ms. Baker and Mr. Goree's loan.

85. Nationstar has suffered damages in excess of $75,000.00 because of its inability to collect on the loan in any manner and due to the re-conveyance of the deed of trust.

86. Weinstein & Riley's acts and omissions were willful, wanton or in reckless disregard of Nationstar's rights.

## COUNT II
## BREACH OF CONTRACT

87. Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

88. A contractual attorney-client relationship existed between Weinstein & Riley and Nationstar at all relevant times with respect to the legal services provided to Nationstar in the Underlying Litigation.

89. Nationstar and Weinstein & Riley entered into a valid contract under the Firm Retention Agreement to perform litigation services, including but not limited to Nationstar's defense in the Underlying Litigation.

90. Under the terms of the Firm Retention Agreement, executed by Weinstein & Riley on December 11, 2018 and by Nationstar on January 29, 2019, Weinstein & Riley promised to defend and indemnify Nationstar if it breached these duties or negligently performed its legal services:

> Firm [*i.e.,* Weinstein & Riley] agrees to indemnify, protect and hold harmless Servicer [*i.e.,* Nationstar]…from any liability claims, losses, penalties, fines, forfeitures, legal fees and related costs, judgments, and any other costs, fees and expenses…directly or indirectly relating to or arising out of …the alleged or actual negligent or wrongful actions or omissions of Firm….as it relates to the legal services provided under this Agreement and/or the handling of Loans.

91. Weinstein & Riley's unequivocally mishandled the Underlying Litigation including: (a) failing to appear in Ms. Baker's Underlying Litigation; (b) allowing default to enter against Nationstar; (c) allowing the court's default order, default judgment, and findings of fact and conclusions of law to be entered against Nationstar; (d) failing to timely move to vacate the

default order, default judgment, and findings of fact and conclusions of law that were entered against Nationstar; (e) failing to adequately detail the excusable neglect that allowed the default judgment and findings of fact and conclusions of law to enter in its motion for rule to show cause; and (f) failing to adequately preserve Nationstar's merits-based statute of limitations defenses in its motion for rule to show cause constitutes "negligent or wrongful....action[s]" of Weinstein & Riley.

92. Nationstar suffered damages "directly or indirectly relating to or arising out of" the above "negligent or wrongful actions or omissions."

93. Nationstar, through its counsel, demanded indemnity from Weinstein & Riley in its August 10, 2022 Demand Letter.

94. To date, Weinstein & Riley has refused to indemnify Nationstar, breaching the Firm Retention Agreement's indemnity clause and causing Nationstar damages. Pursuant to the Firm Retention Agreement, Nationstar is allowed to recover its attorney fees incurred pursuing indemnity.

95. Nationstar's fees in pursuing indemnity exceed $15,000 and continue to accrue.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nationstar Mortgage LLC d/b/a Mr. Cooper respectfully requests that this Court enter judgment against Defendant Weinstein & Riley, P.S. for all damages allowed by law in an amount to be proven at trial, including but not limited to Nationstar's fees incurred in the Underlying Litigation and in pursuing indemnification, without limitation, for pre and post-judgment interest, attorney's fees, and expenses; and for such other relief as the Court deems just and proper.

Dated: December 29, 2022

        Respectfully submitted,

        */s/ R. Dwayne Danner*
        **R. Dwayne Danner**
        State Bar No. 00792443
        ddanner@mcglinchey.com
        **McGlinchey Stafford, PLLC**
        Three Energy Square
        6688 N. Central Expressway, Suite 400
        Dallas, Texas 75206
        (214) 445-2445 Tel.
        (214) 445-2450 Fax.

        **Kathryn Buza Davis**
        State Bar No. 24050364
        kdavis@mcglinchey.com
        **McGlinchey Stafford PLLC**
        1001 McKinney, Suite 1500
        Houston, Texas 77002
        Telephone: (713) 520-1900
        Facsimile: (713) 520-1025

        ***Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper***